Date signed May 01, 2008



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | | |
|---|---|---|---|
| In Re: | * | | |
| | * | Case No. | Case No. 07-20952PM |
| George Mitchell, III | * | Chapter | 13 |
| | * | | |
| | * | | |
| Debtor(s) | * | | |

### MEMORANDUM TO COUNSEL FOR THE DEBTOR
### (Application for Compensation)

Before the court is the Application for Compensation filed by counsel for the Debtor.  Counsel seeks allowance of  $ 3,990.00 as compensation for all services to be rendered over the possible five-year life of this case, except for certain specified items such as adversary proceedings. Counsel received $1,295.00 before the filing of the case and seeks the payment forthwith of the $2,695.00 balance claimed.

The court finds that the services to be rendered under the Disclosure of Compensation are half-way between the service levels of the presumptively reasonable fees set forth in paragraphs 4.A. and 4.B. of Appendix F to the Local Bankruptcy Rules.   As noted by Chief Judge Keir in the case of *In re Bellamy*, 379 B.R. 86 (BC Md. 2007), to be allowed compensation, counsel must from time to time file applications for interim compensation under 11 U.S.C. § 331 where the fee charged contemplates representation throughout the length of the case.

In support of the Application, counsel filed a boilerplate memorandum before he actually performed most of the matters described.  The Application duplicates memoranda that he has filed in

several other cases. But the Application lacks any discussion of nearly all the *Lodestar* criteria required in an application by such cases as *Harman v. Levin*, 772 F.2d 1150 (CA4 1985). Counsel must file a supplement to the interim Application to deal with the factors of time and labor expended and results obtained. Counsel is admonished that to be helpful to the court, the supplement must conform to the requirements of the Compensation Guidelines of this court contained in Appendix D to the Local Rules. Particular attention should be paid to the requirements of daily time entries and organization by tasks.

The court will defer its ruling on this Application pending receipt of the additional data. Finally, from its experience in the administration of thousands of these cases, the court observes that there is little benefit to the Debtor of the "reduced" fees for certain work likely to be required by the Debtor after confirmation.

cc:
Edward V. Hanlon, Esq., 5510 Cherrywood Lane, Suite G, Greenbelt, MD 20770
George Mitchell, III, 4525 Captain Duval Drive, Upper Marlboro, MD 20772
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902

**End of Memorandum**